Peaslee
*v.*
Wadleigh.

## J. C. PLUMER *versus* SAMUEL DRAKE.

In assumpsit upon a note by the endorsee, against the maker, the defendant pleaded usury, averred that the endorsee was in full life and offered to verify his plea by his own oath. It was held that the plea was sufficient under the statute.

It is a good answer to such a plea that the endorser is dead, and this may be verified by the oath of the plaintiff.

ASSUMPSIT upon a promissory note brought by the endorsee against the maker.

The defendant alleged in his plea that the payee of the note was still in full life, and that by a corrupt agreement made between the defendant and the payee, there was unlawfully and corruptly reserved in the note $50,25 more than lawful interest; and he offered to verify his plea by his oath.

*Osgood*, for the plaintiff, objected, that the averment

of the life of the payee could not be proved by the oath of the defendant. 6 Mass. Rep. 193.

*Mason*, and *Lawrence*, for the defendant.

*By the court.* It is perhaps to be regretted, that a plea of usury to be supported by the oath of the party was ever admitted in this state, in a suit brought by the endorsee of a note. But such a practice has been too long established to be changed by the court. And while this practice continues, it will follow, of course, that the averment of the life of the payee, which is essential to a good plea in such a case, may be proved by the oath of the party.

It is, however, a good replication to such a plea, that the payee is dead, and such a replication may be verified by the oath of the plaintiff.